UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET DEPASS PADIN,<br><br>   Plaintiff,<br><br>  v.<br><br>J. P. et al.,<br><br>   Defendants. | Case No. 20-cv-03802-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 2 |

  Pro se plaintiff Margaret Padin alleges in an "emergency petition" that her former husband absconded with their son from New York to California in mid-2015, and has prevented her from having any contact with him. Dkt. No. 1 ¶¶ 15, 25. The complaint names both her son, J.P., and his father, Mark Padin, as defendants. Padin seeks termination of the father's parental rights and petitions the Court for a writ of habeas corpus ordering J.P. be released into her care. *Id.* at 16-17. Padin has asked to proceed in forma pauperis ("IFP"). Dkt. No. 2. The request is granted, but the complaint is dismissed with leave to amend.

  IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer here is yes. Padin states she has been unemployed since late March, has no assets of any value, and some debts. Dkt. No. 2. Padin meets the financial qualification for IFP status.

  The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Padin gets a liberal construction of her complaint and the benefit of any doubts, but she still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen*

*Gardner v. Chevron Capital Corp.*, No. 15-cv-1514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

Padin's complaint, which seeks the termination of parental rights and modification of child custody, falls within the domestic relations exception to federal jurisdiction. The "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Bridgeman v. County of Contra Costa*, No. 20-cv-649-JD, 2020 WL 978624, at *1-2 (N.D. Cal. Feb. 28, 2020). Likewise, federal habeas corpus has never been available to challenge parental rights or child custody. *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 511 (1982); *see also Bridgeman*, 2020 WL 978624, at *1.

In addition to being barred by the domestic relations exception, Padin's first claim fails to state a basis for relief under 42 U.S.C. § 1983 against J.P.'s father. *See* Dkt. No. 1 ¶¶ 30-52. Because he is a private actor, he cannot be sued for a violation of Section 1983 absent joint action with the state or its agents, which Padin does not allege. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Padin's second claim seeks the partial emancipation of J.P. from his father. Dkt. No. 1 ¶¶ 53-80. It is not clear on what basis Padin is seeking such relief, as she cites provisions of California (and Nevada) law that, even liberally construed, do not relate to the emancipation of a minor. Dkt. No. 1 ¶¶ 62, 74, 75, 77-79. Further, even if California law does allow minors such as J.P. to petition a court for emancipation as Padin asserts, *id.* ¶ 70, Padin has not alleged any facts to support her own standing to seek emancipation on J.P.'s behalf. Thus, Padin's second claim not only seeks relief barred by the domestic relations exception, she also has failed to allege facts establishing her standing to bring such a claim.

Finally, Padin's third claim, which seeks a writ of habeas corpus on the basis of J.P.'s alleged illegal detention by his father, Dkt. No. 1 ¶¶ 81-94, is squarely barred by *Lehman*'s holding that federal habeas corpus is not available to challenge parental rights or child custody. *See Lehman*, 458 U.S. at 511; *Bridgeman*, 2020 WL 978624, at *1. Padin's claim for federal habeas relief is further attenuated, as she does not allege that any governmental authority has

custody of J.P.  *See, e.g.*, Dkt. No. 1 ¶ 79 (stating that "in this case there is no court order").

While a good argument could be made that amendment would be futile, Padin may file an amended complaint that is consistent with this order.  Padin is also advised to follow the appropriate county or state procedures to pursue custody.

The Court notes that many of Padin's filings violate Federal Rule of Civil Procedure 5.2(a), which states that a federal court filing may only use a "minor's initials" to identify him or her, and that "the name of an individual known to be a minor" must otherwise be redacted.  Rule 5.2(a) also requires that individuals' social security numbers and birth dates be redacted, and provides that only "the year of the individual's birth" may be used.  Docket Number 1 violates Rule 5.2(a) by using J.P.'s full name repeatedly, by indicating both the month and year of his birth in the body of the complaint, and by incorporating documents that include unredacted social security numbers and an unredacted birth date.  J.P.'s full name was also used in Docket Numbers 1-1, 2, and 3.  These documents will remain sealed on the docket, and Padin is directed to comply with Rule 5.2(a)'s redaction and abbreviation requirements in future filings, or they will be stricken from the docket.

## CONCLUSION

The IFP application is granted.  The complaint is dismissed with leave to amend.  If Padin chooses to amend, the amended complaint must be filed by July 15, 2020.  If this deadline is not feasible in light of the public health situation, Padin may ask the Court to extend the deadline. Failure to respond to this order by July 15, 2020, will result in dismissal of Padin's claims without further leave to amend.  No new claims or parties may be added without the prior approval of the Court.

**IT IS SO ORDERED.**

Dated: June 12, 2020

JAMES DONATO
United States District Judge